UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL WEST, ROMAINE CLARKE, RYON MORGAN, and SAADALA ABOULESSAN, on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br>  -against-<br><br>LASERSHIP, INC., SO SURE TRANSPORTS, INC., STEVEN TRUCKING, INC., RICHARD GRACE AND RICHARD LLC., and UNKNOWN SUBCONTRACTOR COMPANIES A-Z,<br><br>         Defendants. | Civil Action No. 21-cv-05382-VSB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF LASERSHIP INC.'S RULE 12(b) (3) and 12 (b)(6) MOTION TO DISMISS** |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS ............................................................................................. 2

    A.    Brief factual background on the parties. ........................................................ 2

    B.    Yuan v. LaserShip, Inc. is filed on November 15, 2020. ............................... 2

    C.    West v. LaserShip Inc. is filed on June 17, 2021. .......................................... 4

III. ARGUMENT .................................................................................................................. 5

    A.    The court should dismiss this case under the first-to-file rule. ..................... 5

    B.    Plaintiffs cannot establish that exceptional circumstances require the Court to set aside the first to file rule. ........................................ 7

        1.    The balance of convenience does not favor the Southern District of New York over the Eastern District of New York. ...................................................................... 8

        2.    Special circumstances are inapplicable here. ................................... 9

IV. CONCLUSION ............................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*800-Flowers, Inc. v. Intercontinental Florist, Inc.*,
  860 F. Supp. 128 (S.D.N.Y. 1994) ........................................................................................ 5

*D.H. Blair & Co.*,
  462 F.3d (2d Cir. 2006) ........................................................................................................ 8

*Everest Cap. Ltd. v. Everest Funds Mgmt., L.L.C.*,
  178 F. Supp. 2d 459 (S.D.N.Y. 2002) ................................................................................... 1

*GT Plus, Ltd. v. Ja-Ru, Inc.*,
  41 F. Supp. 2d 421 (S.D.N.Y. 1998) ................................................................................. 8, 9

*Ins. of Wausau v. Fox Ent. Grp., Inc.*,
  522 F.3d 271 (2d Cir. 2008) ........................................................................................ 7, 8, 9

*James v. AT & T Corp.*,
  334 F. Supp. 2d 410 (S.D.N.Y. 2004) (dismissing ............................................................ 6, 7

*Lau v. Wells Fargo & Co.*,
  No. 20-cv-03870 (AJN), 2021 WL 1198964 (S.D.N.Y. Mar. 30, 2021) ........................ passim

*Liberty Mut. Ins. Co. v. Fairbanks Co.*,
  17 F. Supp. 3d 385 (S.D.N.Y. 2014) ..................................................................................... 1

*Oleg Cassini, Inc. v. Serta, Inc.*,
  2012 WL 844284 (S.D.N.Y. Mar. 13, 2012) ..................................................................... 6, 7

*Pharm. Resources, Inc. v. AlphaPharma USPD Inc.*,
  2002 WL 987299 (S.D.N.Y. May 13, 2002) ........................................................................ 5

*Regions Bank v. Wieder & Mastroianni, P.C.*,
  170 F. Supp. 2d 436 (S.D.N.Y. 2001) ................................................................................... 1

*Tate-Small v. Saks Inc.*,
  2012 WL 1957709 (S.D.N.Y. May 31, 2012) ...................................................................... 6

*Thomas v. Apple-Metro, Inc.*,
  2015 WL 505384 (S.D.N.Y. July 1, 2016) ........................................................................... 6

**Statutes**

28 U.S.C. § 1404(a) .................................................................................................................... 8

**Rules**

Fed. R. Civ. P. 12(b)(3)(6) ......................................................................................................... 1

**I.      INTRODUCTION**

The Court should apply the first-to-file rule and dismiss this case.[1] The first-to-file rule applies when a second-filed case involves similar parties and issues as an earlier filed case. *Lau v. Wells Fargo & Co.*, No. 20-cv-03870 (AJN), 2021 WL 1198964, at *3 (S.D.N.Y. Mar. 30, 2021). LaserShip Inc. is defending against identical claims brought on behalf of identical putative collectives and classes in *Yuan v. LaserShip, Inc.*, Civ No. 20-cv-05484 AMD-RER (E.D.N.Y.) ("*Yuan*"). Plaintiffs in both actions allege LaserShip was a joint employer, misclassified direct contractors and subcontractors that contracted with its master agents, failed to pay minimum wage and overtime under the Fair Labor Standards Act (FLSA), failed to pay minimum wage and overtime under New York Labor Law (NYLL), and failed to issue wage statements under NYLL. Both *Yuan* and *West* seek to pursue collective certification under the FLSA and class certification under Rule 23 for any individual who performed work on behalf of LaserShip in New York, whether as a direct contractor or as a sub-contractor. In short, the claims and classes in *West* are subsumed by the *Yuan* action. The first-to-file rule is meant to promote judicial efficiency and avoid the risk of inconsistent rulings, wasted time, energy, and resources. The Court should use it here and dismiss the *West* Action.

---

[1] LaserShip, Inc. brings this motion under Federal Rule of Civil Procedure 12(b)(3) and 12 (b)(6). *See, Liberty Mut. Ins. Co. v. Fairbanks Co.*, 17 F. Supp. 3d 385, 391 (S.D.N.Y. 2014) (motion to dismiss under first-filed rule brought pursuant to Fed. R. Civ. P 12(b)(6)); *Everest Cap. Ltd. v. Everest Funds Mgmt., L.L.C.*, 178 F. Supp. 2d 459, 462 (S.D.N.Y. 2002) (first-filed motion brought under Fed. R. Civ. P. 12(b)(2) and 12(b)(3)); *Regions Bank v. Wieder & Mastroianni, P.C.*, 170 F. Supp. 2d 436, 439 (S.D.N.Y. 2001) (motion under Fed. R. Civ. P. 12(b)(6)). LaserShip is concurrently moving to compel arbitration as to Plaintiffs Saadala Aboulessan and Ryon Morgan's claims. LaserShip intends to compel arbitration of all contractors who signed an arbitration agreement with LaserShip. If motion is denied, LaserShip requests that this motion apply to the claims of both contractors and sub-contractors.

1

## II.     STATEMENT OF FACTS

### A.     Brief factual background on the parties.

LaserShip is a Virginia based last mile delivery company that services many retailers and e-commerce companies by arranging for the delivery of packages throughout the Midwest and East Coast of the United States. *Cf.* ECF NO. 22 ¶ 1-7, 19-22. So Sure Transports, Inc., Steven Trucking, Inc., and Richard Grace and Richard LLC are New York based delivery companies that provide delivery services throughout the New York. *Id.* ¶¶ 22-31. LaserShip contracted with So Sure Transports, Inc., Steven Trucking, Inc., Richard Grace and Richard LLC, and other entities and contractors in New York, to provide delivery services for its customers. *Id*. Plaintiffs Daniel West, Romaine Clarke, Ryon Morgan, and Saadala Aboulessan are individuals who contracted either directly with LaserShip, Inc. or with So Sure Transports, Inc., Steven Trucking, Inc., or Richard Grace and Richard LLC to provide delivery services in New York. *Id.* ¶¶ 11-18.

### B.     Yuan v. LaserShip, Inc. is filed on November 15, 2020.

Plaintiffs West, Clarke, Morgan, and Aboulessan were not the first Plaintiffs to sue LaserShip Inc. for allegedly violating the FLSA and NYLL. Rather, four individuals who performed delivery services for a LaserShip contractor in New York—Qunbin Yuan, Jian Kang Liu, Changli Gao, and Ming Xing—sued AA Forest Inc., AA Forest Inc.'s owner (You Liang Guo), LaserShip, Inc., and its Chief Executive Officer (Brett Bissell) in the United States District Court for the Eastern District of New York on November 15, 2020. *See  Yuan v. LaserShip, Inc.*, Civ No. 20-cv-05484 AMD-RER ("*Yuan*"), ECF No. 1.

The *Yuan* Plaintiffs make three core allegations in their complaint: (i) AA Forest Inc. and its executive improperly classified them as independent contractors, (ii) because Plaintiffs were employees, AA Forest, Inc. and LaserShip had to meet the requirements of the FLSA and NYLL and did not, and (iii) LaserShip so controlled AA Forest, Inc. and other master contractors that it

2

was a joint employer liable for any violations of the Fair Labor Standards Act and New York Labor Law. *See Yuan*, ECF No 1 ¶¶ 24-29, 110-119.

The *Yuan* plaintiffs assert these claims on behalf of a collective or class:

- Failure to pay minimum wage for time worked under the FLSA (*Yuan*, ECF No. 1 ¶¶ 120-123);

- Failure to pay minimum wage for time worked under NYLL (*Yuan*, ECF No. 1 ¶¶ 124-128);

- Failure to pay overtime in violation of the FLSA (*Yuan*, ECF No. 1 ¶¶ 129-136);

- Failure to pay overtime in violation of NYLL (*Yuan*, ECF No. 1 ¶¶ 137-141);

- Failure to provide wage notices in violation of NYLL (*Yuan*, ECF No. 1 ¶¶ 142-146);

- Failure to provide wage statements in violation of NYLL (*Yuan*, ECF No. 1 ¶¶ 147-150); and

- Failure to reimburse for out of pocket costs associated with the maintenance of deliver vehicles in violation of NYLL (*Yuan*, ECF No. 1 ¶¶ 151-154).

The *Yuan* Plaintiffs seek to recover on behalf of a collective and class of all drivers who performed delivery services on behalf of LaserShip in New York. The *Yuan* collective action dates to November 15, 2017, while the *Yuan* class action covers claims that arose after November 15, 2014:

> ***FLSA Collective Definition:*** All "non-exempt employees who have been or were employed by Defendants for up to the last three (3) years. . . . and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week. (*Yuan,* ECF No. 1 ¶ 110.)

> ***Rule 23 Class Definition:*** All "non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this Case." (*Yuan*, ECF No. 1 ¶ 111.)

LaserShip moved to dismiss the allegations in the *Yuan* complaint, and the *Yuan* Plaintiffs opposed that motion. That motion remains under submission pending an order from the Court.

### C.  West v. LaserShip Inc. is filed on June 17, 2021.

West filed his class and collective action here six months after plaintiffs filed the *Yuan* action. On June 17, 2021, West filed his initial complaint against LaserShip, So Sure Transports, Inc., and unknown subcontractor companies. ECF No. 1. West filed an amended complaint that added Plaintiffs Romaine Clarke, Ryon Morgan, and Saadala Aboulessan and Defendants Steven Trucking, Inc., and Richard Grace and Richard LLC. ECF No. 22.

West's complaint also centers around three allegations: (i) master contractors and/or LaserShip improperly classified contractors and/or subcontractors as independent contractors, (ii) because Plaintiffs were employees, master contractors and LaserShip had to meet the requirements of the FLSA and NYLL and did not, and (iii) LaserShip so controlled master contractors that it was a joint employer liable for any violations of the Fair Labor Standards Act and New York Labor Law. *See, e.g.,* ECF No. 22 ¶¶ 1-7.

Like *Yuan*, the *West* Plaintiffs seek to recover damages under the FLSA and NYLL on behalf of a collective and class, respectively. ECF No. 22 ¶¶ 37-45. The *West* Plaintiffs similarly seek to recover on behalf of delivery drivers who performed work on behalf of LaserShip, whether as direct contractors or as subcontractors for a LaserShip master contractor:

> ***FLSA Collective Definition:*** All "similarly situated person who have worked for LaserShip, either directly or through one or more of its subcontractors, performing delivery driver services in the State of New York from June 17, 2018 until

4

the date Defendants cease, or are enjoined from, violating the FLSA." (ECF No. 22 ¶ 37).

***Rule* 23 *Class Definition:*** "[A]ll delivery drivers employed by LaserShip, either directly or through one or more of its subcontractors, in the State of New York from June 17, 2015, until the date Defendants cease, or are enjoined from, violating the NYLL. (ECF No. 22 ¶ 39).

The *West* Action also alleges that Defendants, including LaserShip, violated the FLSA and the NYLL in essentially the same manner as in the *Yuan* Action. The *West* Plaintiffs allege that LaserShip and master contractors misclassified drivers as independent contractors and that LaserShip was a joint employer with master contractors, *see id.* ¶¶ 1-36, 55-66, that LaserShip and the master contractors failed to pay drivers the minimum wage and overtime under the FLSA, *see id.* ¶¶ 151-157, 158-165, that LaserShip and the master contractors failed to pay drivers the minimum wage and overtime under NYLL, *see id.* ¶¶ 166-169, 170-174, and that LaserShip and the master contractors failed to provide plaintiffs and the putative class wage statements under NYLL, *see id.* ¶¶ 175-180.

### III. ARGUMENT

#### A.   The court should dismiss this case under the first-to-file rule.

The first-to-file rule is "a well-established Second Circuit doctrine" based on principles of judicial economy. *Lau v. Wells Fargo & Co.*, No. 20-cv-03870 (AJN), 2021 WL 1198964, at *3 (S.D.N.Y. Mar. 30, 2021). It "requires a court to give priority to the action filed first." *Pharm. Resources, Inc. v. AlphaPharma USPD Inc.*, 2002 WL 987299, at *2 (S.D.N.Y. May 13, 2002). Its enforcement promotes judicial efficiency and "should not be disregarded lightly." *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 132 (S.D.N.Y. 1994)

The first-to-file rule applies when "the claims, parties, and available relief ... [do] not significantly differ between the actions." *Lau*, 2021 WL 1198964, at *2 (S.D.N.Y. Mar. 30, 2021)

(*quoting Oleg Cassini, Inc. v. Serta, Inc.*, 2012 WL 844284, at *3 (S.D.N.Y. Mar. 13, 2012)). The first-to-file rule does not require identical parties and issues, so long as "the named parties ... represent the same interests." *Oleg Cassini, Inc. v. Serta, Inc.*, 2012 WL 844284, at *3 (S.D.N.Y. Mar. 13, 2012). If the first-to-file rule applies, "[o]rdinarily, courts will dismiss the later-filed suit." *Lau,* 2021 WL 1198964, at *2. "[I]n some instances[, courts may] transfer or stay the action in favor of the first suit filed." *Id.; Tate-Small v. Saks Inc*., 2012 WL 1957709, at *3 (S.D.N.Y. May 31, 2012).

"Courts in this district have consistently applied the first-to-file rule to FLSA collective actions." *Lau,* 2021 WL 1198964, at *2 (citing cases). The first-to-file rule is "particularly appropriate in the context of competing FLSA collective actions, which threaten to present overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations." *Id.* at *3 (*quoting Thomas v. Apple-Metro, Inc.,* 2015 WL 505384, at *2, 4 (S.D.N.Y. July 1, 2016)). The same is true for class actions. *James v. AT & T Corp.*, 334 F. Supp. 2d 410, 411 (S.D.N.Y. 2004) (dismissing second-filed putative class action as duplicative).

The first-to-file rule applies here. Plaintiffs in both *Yuan* and *West* seek to certify collective and class actions to recover damages under the FLSA and NYLL for all drivers who provided delivery services in New York to LaserShip or to a master contractor with whom LaserShip contracted. *Compare Yuan,* ECF No. 1 ¶¶ 110-111 *with* ECF No. 22 ¶¶ 37,39. Similarly, Plaintiffs in both cases seek to hold LaserShip liable under a joint employer theory. *Compare Yuan,* ECF No. 1 ¶¶ 24-29, 110-119 *with* ECF No. 22 ¶¶ 1-36, 55-66. Finally, the issues in *Yuan* and *West* are nearly identical and the *Yuan* Action subsumes the *West* Action:

|  | *Yuan* | *West* |
|---|---|---|
| Dated filed | November 15, 2020 (*Yuan*, ECF No. 1) | June 17, 2021 (ECF No. 1) |

| FLSA Collective Period | November 15, 2017 (*Yuan*, ECF No. 1 ¶ 110) | June 17, 2018 (ECF No. 22 ¶ 37) |
|---|---|---|
| NYLL Class Period | November 15, 2014 (*Yuan*, ECF No. 1 ¶ 111) | June 17, 2015 (ECF No. 22 ¶ 39) |
| FLSA Minimum Wage Claim | Yes (*Yuan*, ECF No. 1 ¶¶ 120-123) | Yes (ECF No. 22 ¶¶ 151-157) |
| FLSA Overtime Claim | Yes (*Yuan*, ECF No. 1 ¶¶ 129-136) | Yes (ECF No. 22 ¶¶ 158-165) |
| NYLL Minimum Wage Claim | Yes (*Yuan*, ECF No. 1 ¶¶ 124-128) | Yes (ECF No. 22 ¶¶ 166-169) |
| NYLL Overtime Claim | Yes (*Yuan*, ECF No. 1 ¶¶ 137-141) | Yes (ECF No. 22 ¶¶ 170-174) |
| NYLL Wage Statement Claim | Yes (*Yuan*, ECF No. 1 ¶¶ 142-150) | Yes (ECF No. 22 ¶¶ 175-180) |
| NYLL Reimbursement Claim | Yes (*Yuan*, ECF No. 1 ¶¶ 151-154) | No |

Each Plaintiff in *West* can opt-in to the FLSA collective in *Yuan* and will fall within *Yuan's* putative class definition if the *Yuan* Plaintiffs are able to certify a class for their NYLL claims.[2] The *West* Action "represent[s] the same interests" and is on behalf of the same persons as the *Yuan* Action; in the interests of judicial efficiency, the Court should dismiss it. *quoting Oleg Cassini, Inc.*, 2012 WL 844284, at *3; *Lau,* 2021 WL 1198964, at *2; *James*, 334 F. Supp. 2d at 411.

**B.   Plaintiffs cannot establish that exceptional circumstances require the Court to set aside the first to file rule.**

While the first to file rule promotes judicial efficiency and "should not be disregarded lightly," it is a presumption that "may be rebutted by proof of the desirability of proceeding in the forum of the second-filed action." *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (quotations omitted). The Second Circuit has identified two exceptional circumstances when a party opposing the first-to-file rule can overcome the presumption of its applicability: (1) if the balance of convenience favors the second-filed action, or (2) if special

---

[2] For the reasons it intends to present in the *Yuan* action, LaserShip does not believe that conditional certification of a collective or certification of a Rule 23 class is appropriate.

7

circumstances warrant giving priority to the second suit. *Emps. Ins. of Wausau*, 522 F.3d at 275. As "the party asserting exceptions to the first-filed rule," Plaintiff "bears the burden to show that equitable considerations recommend the later action." *GT Plus, Ltd. v. Ja-Ru, Inc.*, 41 F. Supp. 2d 421, 424 (S.D.N.Y. 1998).

> **1. The balance of convenience does not favor the Southern District of New York over the Eastern District of New York.**

In assessing the "balance of convenience," the Court looks to "the ties between the litigation and the forum of the first-filed action." *Emps. Ins. of Wausau*, 522 F.3d at 275. The Court considers many factors (which are essentially the same as those considered in connection with a motion to transfer venue pursuant to 28 U.S.C. § 1404(a)), including: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." *Emps. Ins. of Wausau*, 522 F.3d at 275 (*citing D.H. Blair & Co.*, 462 F.3d at 106-07 (2d Cir. 2006)); *Lau*, 2021 WL 1198964, at *3–4.

The balance of conveniences does not overcome the first-to-file presumption here. Both the *Yuan* Action and the *West* Action are in different districts in New York that are just miles apart. The *West* Plaintiffs choice of forum—the Southern District of New York—is no more convenient or appropriate than the *Yuan* Plaintiffs choice of forum—the Eastern District of New York. Further, the convenience of the witnesses, the location of relevant documents, the convenience of the parties, the locus of operative facts, the means of the parties, and the availability to compel attendance of unwilling witnesses does not support a finding that it is more convenient to litigate in the Southern District of New York rather than the Eastern District of New York. The convenience is the same for both districts. They present the same issues, arise from the same set

8

of alleged facts, and define classes that are remarkably similar. The *West* Plaintiffs cannot meet their burden of showing the Southern District of New York is a more convenient forum than the Eastern District of New York. *GT Plus, Ltd.*, 41 F. Supp. 2d at 424.

### 2. Special circumstances are inapplicable here.

The Second Circuit has found that special circumstances warrant giving priority to the second suit only when the first-filed suit involves manipulative or deceptive behavior, such as where the first lawsuit is an improper anticipatory declaratory judgment action, or in which "forum shopping *alone* motivated the choice of the Court for the first suit." *Emprs Ins. of Wausau*, 522 F.3d at 275-276. There is no evidence of manipulation or forum shopping in this case, and no other reason to disregard the first-to-file rule.

### IV. CONCLUSION

For these reasons, Defendant LaserShip, Inc. request that this Court dismiss the *West* action under the first-to-file rule.

Dated:  September 17, 2021

Respectfully submitted,

By:  */s/ Charles Andrewscavage*
Charles Andrewscavage, # 4889242
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
30 West Monroe Street, Suite 1600
Chicago, IL 60603
T: (312) 255-7200
F: (312) 422-1224
candrewscavage@scopelitis.com

Attorney for Defendant,
LaserShip, Inc.

4848-1207-4488, v. 6