UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DANIEL WEST, ROMAINE CLARKE,
RYON MORGAN, and SAADALA
ABOULESSAN, on behalf of themselves and
all others similarly situated,

        Plaintiffs,

  -v-                                                                No. 21-CV-5382 (LTS)

LASERSHIP, INC., SO SURE
TRANSPORTS, INC., STEVEN
TRUCKING, INC., RICHARD GRACE
AND RICHARD LLC., and UNKNOWN
SUBCONTRACTOR COMPANIES A-Z,

        Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

Plaintiffs Daniel West, Romaine Clarke, Ryon Morgan, and Saadala Aboulessan bring various federal and state law wage and hour claims against Defendant LaserShip, Inc. ("LaserShip") and several of its subcontractors, some of which are as yet unknown, in this putative class action. (Docket entry no. 22 ("First Amended Complaint" or "FAC").) Defendant LaserShip now moves to compel arbitration as to two of the four named plaintiffs, Ryon Morgan and Saadala Aboulessan, pursuant to an arbitration agreement. (Docket entry no. 25.) The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216(b).

The Court has reviewed all of the parties' submissions carefully and, for the following reasons, grants LaserShip's motion to compel plaintiffs Morgan and Aboulessan to arbitrate their claims.

D<small>ISCUSSION</small>[1]

LaserShip is a Delaware corporation with its headquarters in Vienna, Virginia. (See FAC ¶ 19; docket entry no. 27 ("Milongo Decl.") ¶ 2.) It provides transportation logistics services and arranges for the delivery of packages throughout the Midwest and East Coast of the United States for various retailers. (Milongo Decl. ¶ 2.) LaserShip maintains facilities in, among other states, Virginia and New York. (Id.) To perform deliveries for its customers, LaserShip contracts with both individuals and businesses. (Id.) Plaintiffs Ryon Morgon and Saadala Aboulessan are individuals with whom LaserShip contracted to perform deliveries in New York.[2] (Id. Exs. A-C.)

Mr. Aboulessan executed two Independent Contractor Agreements with LaserShip, one on March 9, 2016, and a revised version on November 23, 2016. (Id. Exs. A-B.) Mr. Morgan executed an Independent Contractor Agreement with LaserShip on October 8, 2015. (Id. Ex. C.) All three agreements contain identical arbitration provisions, which include a class and collective action waiver, and identical Virginia choice-of-law provisions. (Id. Ex. A at 15-16, Ex. B at 15-16, Ex. C at 15-16.)[3] The choice-of-law provision provides, in relevant part, that

---

[1] The following summary of undisputed facts is drawn from both the allegations in the First Amended Complaint and the submissions proffered in connection with the motion to compel arbitration motion practice.

[2] The remaining named plaintiffs did not execute contracts with LaserShip directly but instead worked for one of its sub-contractors, and are therefore not subjects of LaserShip's motion to compel arbitration.

[3] The class and collective action waiver provision reads, in relevant part, as follows: "The parties agree that all arbitrated claims must be pursued on an individual basis only. By signing this Agreement, Contractor waives his/her right to commence, or be a party to, any class or collective claims or to bring jointly any claim against LaserShip with any person. Nothing herein limits Contractor's right and the rights of others collectively to challenge the enforceability of this Agreement, including the class/collection waiver in this subparagraph." (See, e.g., id. Ex. A at 16 ¶ 21(b).).

"[t]his Agreement shall be governed by the laws of the Commonwealth of Virginia, both as to interpretation and performance, without regard to the choice of law rules of such Commonwealth or any other jurisdiction." (See, e.g., Id. Ex. A at 15 ¶ 19.) Plaintiffs do not contest the existence of the three agreements or that their claims are properly encompassed within the agreements' plain language. (Docket entry no. 41 at 1, 2-6.) Nor do they contest that they validly entered into the agreements. (Id.) Rather, they argue principally that New York law's interest in "protecting the rights of workers to advocate for and vindicate their workplace rights collectively" compels the application of New York law to invalidate both the class and collective action waiver, and the Virginia choice-of-law provision, rendering the arbitration agreement unenforceable. (Id. at 1.)

When deciding motions to compel arbitration, courts "apply a standard similar to that applicable for a motion for summary judgment." Meyer v. Uber Techs., Inc., 868 F.3d 66, 74 (2d Cir. 2017) (internal quotation marks omitted). Under the summary judgment standard, the court considers "all relevant, admissible evidence submitted by the parties and contained in pleadings . . . and admissions on file, together with . . . affidavits, and draws all reasonable inferences in favor of the non-moving party." Id. (internal quotation marks and citations omitted).

The core issue before the Court is whether the agreements should be enforced as written or whether New York's interest in vindicating the rights of workers to bring claims collectively precludes enforcement of the contractual arbitration and waiver agreements.

Plaintiffs' effort to demonstrate that New York public policy precludes enforcement of the arbitration and choice of law clauses is unavailing. First, it is well settled that

New York courts enforce clear and unambiguous choice-of-law contractual provisions so as to effectuate the parties' intent.  See, e.g., Welsbach Elec. Corp. v. MasTec N. Am., Inc., 859 N.E.2d 498, 500 (N.Y. 2006); Edwards v. Macy's Inc., No. 14-cv-8616-CM-JLC, 2015 WL 4104718, at *3 (S.D.N.Y. June 30, 2015).  Plaintiffs do not dispute that the challenged provisions would be enforceable under the contractually-designated body of governing law, that of the Commonwealth of Virginia.  (See docket entry no. 41 at 4-5.)  Instead, Plaintiffs contend that, pursuant to New York's "public policy exception," which permits courts to decline enforcement of choice-of-law provisions when the chosen law violates "some fundamental principle of justice, some prevalent conception of good morals, [or] some deep-rooted tradition of the common weal," the Court must apply New York law.  (See docket entry no. 41 at 2; Frankel v. Citicorp Ins. Servs., Inc., 913 N.Y.S.2d 254, 259 (App. Div. 2010).)  Plaintiffs' framing of this exception as an absolute bar to enforcement of the arbitration agreements because they include class and collective action waivers—that it precludes application of Virginia law—is misguided for the simple reason that New York courts routinely uphold contractual proscriptions against class actions.  See e.g., Chen-Oster v. Goldman, Sachs & Co., 449 F. Supp. 3d 216, 251 (S.D.N.Y. 2020), objections overruled, No. 10-cv-6950-ATR-WL, 2021 WL 4199912 (S.D.N.Y. Sept. 15, 2021) (collecting cases).

Second, and importantly, courts also uphold class and collective action waivers when applying, as Plaintiffs here request, New York law in FLSA and NYLL actions.  See Castro v. TCA Logistics Corp., No. 20-cv-2004-JS-ARL, 2021 WL 7287305, at *7 (E.D.N.Y. Mar. 31, 2021); see also Zambrano v. Strategic Delivery Sols., LLC, No. 15-cv-8410-ER, 2016 WL 5339552, at *9 (S.D.N.Y. Sept. 22, 2016) (upholding waiver under New York law and observing that "courts in this District have consistently found FLSA and NYLL claims to be

arbitrable"). [4]   The Court will effectuate the parties' intent as documented in their contracts, and apply Virginia law, as all three agreements contemplate and under which the parties agree that the class and collective action waiver is enforceable.  Thus, Defendants' motion to compel Mr. Aboulessan and Mr. Morgan to arbitrate their claims is granted.

CONCLUSION

For the foregoing reasons, Defendants' motion to compel arbitration is granted as to Plaintiffs Ryon Morgan and Saadala Aboulessan.  This action is hereby stayed as to Plaintiffs Morgan and Aboulessan only, pending arbitration.

---

[4]   Plaintiffs also advance three additional arguments in opposing the motion to compel arbitration, all of which are either immaterial to the outcome or without merit.  First, they contest the potential application of the Federal Arbitration Act to compel arbitration, claiming that its "transportation worker exception" applies.  (See docket entry no. 41 at 1.)  The Court need not decide this issue because it is clear that, even if the exception were to apply, "the FAA does not render an arbitration clause void when it is otherwise enforceable under state law."  See Islam v. Lyft, Inc., 524 F. Supp. 3d 338, 359 (S.D.N.Y. 2021) (collecting cases).  Second, Plaintiffs claim class and collective action waivers violate the National Labor Relations Act, 29 USC § 157, and its New York analog, New York Labor Law § 703, because such waivers eliminate the right to engage in concerted activities such as class action litigation.  (See docket entry no. 41 at 6-9.)  This argument is unavailing for the reasons explained above: New York courts have repeatedly upheld class action waivers in similar cases.  See, e.g., Castro, 2021 WL 7287305, at *7; Zambrano, 2016 WL 5339552, at *9.  Third, Plaintiffs argue Virginia, unlike New York, has no "effective vindication doctrine," whose application bars enforcement of an arbitration clause when proceeding in the arbitral forum would preclude vindication of a plaintiff's statutory rights.  (See docket entry no. 41 at 9-10.)  To obtain relief under this doctrine, Plaintiffs bear the burden of showing, among other things, their ability to pay any fees that they might incur in connection with arbitration.  See Brady v. Williams Capital Group, L.P., 928 N.E.2d 383, 387 (N.Y. 2010).  Plaintiffs here offer no information about their financial hardship, other than restating their allegations of lost wages during their employment, nor do they proffer any evidence of the costs associated with arbitration pursuant to the agreement.  Thus, the risk of "prohibitive costs is too speculative to justify the invalidation of an arbitration agreement."  Id.; see also Sutherland v. Ernst & Young LLP, 726 F.3d 290, 298 (2d Cir. 2013) ("[T]he fact that it is not worth the expense involved in proving a statutory remedy does not constitute the elimination of the right to pursue that remedy.") (quoting Am. Exp. Co. v. Italian Colors Rest., 570 U.S. 228, 229 (2013)).

This Memorandum Order resolves docket entry no. 25.

SO ORDERED.

Dated: New York, New York
February 13, 2023

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge