UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL WEST, ROMAINE CLARKE, RYON MORGAN, and SAADALA ABOULESSAN, on behalf of themselves and all others similarly situated,

                            Plaintiffs,

-v-

LASERSHIP, INC., SO SURE TRANSPORTS INC., RICHARD GRACE AND RICHARD LLC, and UNKNOWN SUBCONTRACTOR COMPANIES A-Z,

                            Defendants.

CIVIL ACTION NO.: 21 Civ. 5382 (LTS) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

On April 4, 2024, the Court denied without prejudice Plaintiffs' request for conditional certification of a proposed collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), and directed Defendant LaserShip, Inc. ("LaserShip") to produce to Plaintiffs the names, last known addresses, telephone numbers, and email addresses for subcontractor drivers at LaserShip's Queens, Mineola, and Port Chester locations from June 17, 2018 to the present (the "Contact Information"), to the extent that the Contact Information is in LaserShip's possession, custody, and control.  (ECF No. 119 at 17 (the "Apr. 4 Order")).  The Court directed the parties to meet and confer to agree on the most efficient format of—and a reasonable timeline to complete—the production of the Contact Information, and to file by May 6, 2024 a joint letter (the "Letter") reporting on "the status of the production of the Contact Information and any remaining discovery in this action."  (Id. at 18).

On April 18, 2024, LaserShip filed an objection to the Apr. 4 Order under Federal Rule of Civil Procedure 72(a).  (ECF No. 120 (the "Objection")).  The Objection is pending before the

Honorable Laura T. Swain.  The Objection did not request any stay of the discovery obligations the Court imposed in the Apr. 4 Order.  (Id.)

On May 6, 2024, the parties filed the Letter, in which LaserShip states that, "[i]n light of [the] Objection, which focuses on the need to provide [the Contact Information], LaserShip has not yet produced any [C]ontact [I]nformation."  (ECF No. 122 at 1).  Again, LaserShip did not, request a stay of its obligation to produce the Contact Information.  The Letter also does not address the status of "any remaining discovery in this action."  (ECF No. 119 at 18).

"In the absence of a stay, the fact that a litigant has appealed to the District Court from a Magistrate Judge's discovery order does not excuse failure to comply with that order." Herskowitz v. Chaney, No. 93 Civ. 5248 (MGC), 1995 WL 104007, at *3 (S.D.N.Y. Mar. 8, 1995) (citing Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc., 124 F.R.D. 75, 78–79 (S.D.N.Y. 1989)); see Vaigasi v. Solow Mgmt. Corp., No. 11 Civ. 5088 (RMB) (HBP), 2016 WL 616386, at *21 (S.D.N.Y. Feb. 16, 2016).  By failing to fulfill the discovery obligations imposed by the Apr. 4 Order, LaserShip is, therefore, in violation of that Order.

Accordingly, by **May 14, 2024**, the parties shall file a joint letter, no longer than three (3) pages, reporting on the status of: (i) LaserShip's compliance with the discovery obligations imposed by the Apr. 4 Order, and (ii) any remaining discovery.

Dated:   New York, New York   SO ORDERED.
　　　　 May 7, 2024

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

2